UNITED STATES DISTRICT COURT AJR4016
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    FOOD MANAGEMENT GROUP, LLC, Chapter 11
 Case No.: 04-22880

                  Debtor.
----------------------------------------------------------X

MATRIX REALTY GROUP, INC.,

                  Appellant,

    -against- Civ. Case No.: 08-cv-04514-whp

JANICE B. GRUBIN, in her capacity
as Chapter 11 Trustee for Debtors
FOOD MANAGEMENT GROUP, LLC,
KMA I, Inc., KMA II, Inc., KMA III, Inc.,
and BRONX DONUT BAKERY, INC.,
ROBERT L. RATTET, JONATHAN S.
PASTERNAK; RATTET, PASTERNAK
& GORDON OLVER, LLP, et al.

                  Appellees.
----------------------------------------------------------X

## BRIEF FOR THE APPELLANT

                  THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
                  Attorneys for Matrix Realty Group, Inc.
                  Appellant

BY: S/Avrum J. Rosen
 Avrum J. Rosen (AJR4016)
 Fred S. Kantrow (FK3499)
 38 New Street
 Huntington, New York 11743
 631 423 8527
 ajrlaw@aol.com

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **QUESTION PRESENTED** | 1 |
| **STATUTES INVOLVED** | 1 |
| **STANDARD FOR REVIEW** | 2 |
| **BACKGROUND FACTS** | 2 |
| **SUMMARY OF THE ARGUMENT** | 3 |
| **ARGUMENT** | |
| I. POLICY CONSIDERATIONS ARE NOT PART OF THE RULE 24(a) INTERVENTION ANALYSIS | 4 |
|     A. Judicial Economy Concerns are Not Applicable | 4 |
|     B. Timeliness | 5 |
|     C. Once Timeliness Factor is Met, Matrix has an Unconditional Right to Intervene | 7 |
| II. THE MATRIX MOTION TO INTERVENE SATISFIED THE TRIPARTITE TEST AND THEREFORE INTERVENTION SHOULD HAVE BEEN GRANTED | 8 |
|     A. Recognized Interest | 8 |
|     B. Impairment of the Interest | 9 |
|     C. Matrix's Rights are Not Adequately Protected By an Existing Party | 10 |
| **CONCLUSION** | 11 |

# TABLE OF AUTHORITIES

**Case**                                                                                                                                   **Page**

*Donaldson v. United States*, 400 U.S. 517     8
      (1971)

*Duttle v. Bandler*,     5
      147 F.R.D 69 (S.D.N.Y. 1993)

*Farmland Dairies v. Commissioner of New York State Department of*     6
*Agriculture and Markets*,
      847 F.2d 1038 (2d Cir. 1988)

*In re Caldor*,     7
      303 F.3d 161 (2d Cir. 2002)

*In re Sierra Club*,     4
      945 F. 2d 776 (4th Cir. 1991)

*Iridium India Telecom Ltd. v. Motorola, Inc.*,     2, 7
      165 Fed. Appx. 878 (2d Cir. 2005)

*Jenkins by Agyei v. Missouri*,     5
      855 F.2d 1295 (8th Cir. 1998) *aff'd* 495 U.S. 33 (1990)

*Mille Lacs Band of Indians v. Minnesota*,     5
      989 F.2d 994 (8th Cir. 1993)

*New York News, Inc., v. Kheel*
      927 F.2d 482 (2d Cir. 1992)     8

*Trbovich v. United Mine Workers*,     10
      404 U.S. 528 (1972)

*United States and State of Missouri v. Union Electric Co., et al.*,     4
      64 F.3d 1152 (8th Cir. 1995)

## QUESTIONS PRESENTED

Did the court below err in denying Matrix's motion to intervene, *sua sponte* without a hearing, or even without the other parties being heard on the matter?

Did the court below err in referring the issues raised in Matrix's motion to intervene back to the Hon. Adlai S. Hardin for determination when the issues raised by Matrix were before the court below in the present adversary proceeding and were necessary to the determination of the case *sub judice?*

Did the court below err in not addressing Matrix's claims that it had causes of action against the parties to this action that were distinct from the issues before Judge Hardin in the other adversary proceeding?

Did the court below err in determining that allowing Matrix to intervene would delay or prejudice the rights of the other parties to the litigation wherein an Amended Answer to the Amended Complaint had been filed less than twenty-five (25) days prior to the filing of motion to intervene and was made within the time frames set forth in the court's scheduling order for motions to amend the pleadings, and where there was a briefing schedule to determine if the matter was "core" which had not been completed and a motion to withdraw the reference had been filed by the Defendants?

Did the court below err in determining that granting the motion to intervene would not have been in the interests of the orderly administration of justice?

## STATUTES INVOLVED

11 U.S.C. § 1109(b)

1

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under this chapter.

Fed. R. Civ. P. 24(a)

Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(b)

Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer and agency or upon any regulation, order, required or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

## STANDARD FOR REVIEW

Whether or not a person is entitled to intervention as a matter of right is a question of law that is reviewed *de novo*. The lower court's ruling on the timeliness of a motion to intervene is reviewed only for abuse of discretion. *Iridium India Telecom Ltd., v. Motorola, Inc.,* 165 Fed. Appx. 878 (2d Cir 2005).

## BACKGROUND FACTS

The Court is respectfully directed to Matrix's motion to intervene, along with all exhibits annexed thereto and included in the Appellant's Designation of Issues and Record on Appeal. Matrix's motion to intervene appears at docket no. 79.

Matrix's motion to intervene was filed within the time constraints imposed by the

2

bankruptcy court for the parties in the litigation to file amended pleadings and the like. The bankruptcy court issued an Amended Case Management and Scheduling Order, which appears at docket no. 78 and was included in the Appellant's Designation. In response to that Amended Case Management and Scheduling Order, Matrix filed its motion to intervene along with its proposed answer to the amended complaint. This fact alone contradicts the decision in the court below insofar as whether the motion to intervene was timely made. Since the motion was filed in accordance with the bankruptcy court's Amended Case Management and Scheduling Order, there could not possibly have been any prejudice to any party to the litigation.

In addition, Matrix respectfully directs this Court to Judge Hardin's decision in adversary proceeding no. 05-8636, dated July 25, 2007, which appears at docket entry no 95. This decision was also included in the Appellant's Designation on Appeal.

## SUMMARY OF THE ARGUMENT

The bankruptcy court below erred in failing to use the appropriate standards to determine whether intervention was warranted in this adversary proceeding. First, section 1109(b) of the Bankruptcy Code, according the Second Circuit, provides a statutory right for Matrix to intervene in the case. The only issue is whether the motion to intervene was timely filed. Matrix asserts that the filing of the motion to intervene, in accordance with the bankruptcy court's Amended Case Management and Scheduling Order, and only one (1) month after the filing of an amended answer, clearly meets any definition of timely filing.

In the alternative, Matrix asserts that intervention pursuant to Rule 24(a)(2) of the Fed. R. Civ. P. were all satisfied and a *de novo* review of the facts leads only to one conclusion. The inevitable conclusion is that Matrix must be allowed to intervene.

3

Lastly, the bankruptcy court below applied only the standards under Rule 24(b) and determined, *sua sponte*, in error, that Matrix's intervention would prejudice and delay the other parties already in the litigation.

## ARGUMENT

### I. POLICY CONSIDERATIONS ARE NOT PART OF THE RULE 24(a) INTERVENTION ANALYSIS

#### A. Judicial Economy Concerns Are Not Applicable

The Bankruptcy Court concluded in its Order denying intervention, that, "in the exercise of its discretion that Matrix's intervention in this case will unduly delay or prejudice the rights of the original parties". Further, the Bankruptcy Court cited to Rule 24(b) of the Federal Rules of Civil Procedure. The Bankruptcy Court failed to address Matrix's motion for intervention pursuant to Rule 24(a), at all. Moreover, the Bankruptcy Court also added that "[I]ntervention here is also not in the interests of orderly administration of justice.

Assuming that the Bankruptcy Court considered intervention as of right in its denial Order, Courts have already determined that policy considerations are not party of the Rule 24(a) intervention analysis. *See, United States and State of Missouri v. Union Electric Co., et al.,* 64 F.3d 1152 (8th Cir. 1995); *In re Sierra Club,* 945 F.2d 776 (4th Cir. 1991). The Court in *In re Sierra Club*, stated. "[T]he district court, however, incorrectly bolstered its denial of intervention of right be referring to concerns of judicial economy and need for guidance. Although those issues have a place in motions for permissive intervention, Rule 24(a) affords them no weight". *Id.* at 779.

The Bankruptcy Court's error herein is two fold. First, it abjectly failed to consider the

4

motion in light of Rule 24(a) and solely addressed denial on a basis of Rule 24(b). Assuming *arguendo,* that it considered Rule 24(a), then it simply applied the wrong rule by considering policy issues. Thus, the error. The Bankruptcy Court was compelled to have considered the issue of intervention as of right, but simply elected to ignore that portion of the Matrix Motion. For that reason alone, this Court must conclude that Matrix's motion to intervene as of right had to be considered.

### B. <u>Timeliness</u>

Had the Bankruptcy Court properly considered the Matrix motion to intervene as of right, it was obligated then to consider the tripartite standard for intervention as of right. The first requirement, for both a motion to intervene as of right as well as permissive intervention, is timeliness. While the Bankruptcy Court did not specifically state that the Matrix motion was not timely, the lower court did state that "intervention in this case will unduly 'delay' . . . ." Thus, it is possible the Bankruptcy Court considered the Matrix motion to be untimely.

Whether a motion to intervene is timely is determined by considering all of the circumstances of the case. *See, Mille Lacs Band of Indians v. Minnesota,* 989 F.2d 994 (8th Cir. 1993); *citing, Jenkins by Agyei v. Missouri,* 855 F.2d 1295, 1316 (8th Cir. 1988); *cert. granted,* 490 U.S. 1034 (1989), *and aff'd in part on other grounds, rev'd in part on other grounds,* 495 U.S. 33 (1990); *see also, Duttle v. Bandler,* 147 F.R.D. 69 (S.D.N.Y. 1993). In determining timeliness, three factors that bear particular consideration are the reason for any delay by the proposed intervenor in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to the other parties if intervention is allowed. *See, Duttle v. Bandler,* 147 F.R.D. at 72; *citing,*

*Farmland Dairies v. Commissioner of New York State Department of Agriculture and Markets,* 847 F.2d 1038, 1044 (2d Cir. 1988).

In the case at bar, the motion to intervene was filed on March 14, 2008. The adversary proceeding was commenced on February 13, 2007. However, the defendant, rather than answering the complaint, moved to dismiss the action. The Bankruptcy Court wrote a lengthy memorandum opinion and Order, dated January 23, 2008, denying the defendants' motion. It was not until February 15, 2008, that the defendants then filed their answer. The motion to intervene was filed well within the time frame established by the bankruptcy court's Amended Case Management and Scheduling Order which established the time frame for the parties to amend their pleadings and file amended answers. Thus, not only was the motion to intervene filed within one month of the answer in the case. It met the bankruptcy court's conditions. Under any conceivable definition of timeliness, a one month period cannot be considered prejudicial to anyone already in the litigation.

The only question that a reviewing court should consider in regard to timeliness is whether the existing parties may be prejudiced by the delay in moving to intervene and <u>not</u> whether the intervention itself may cause the nature, duration or disposition of the action to change. In *Mille Lacs,* the Court observed that "prejudice that results from the mere fact that a proposed intervenor opposes one's position and may be unwilling to settle always exists when a party with an adverse interest seeks intervention. Any prejudice to the existing parties' ability to settle results not from the fact of the applicant's delay in seeking intervention, but rather from the applicant's presence in the suit. Rule 24(a) protects precisely this ability to intervene in litigation to protect one's interest". *Id.* at 999.

Thus, the Bankruptcy Court was simply in error when it concluded, *sua sponte,* that intervention will unduly delay or prejudice the rights of the original parties. There was no discernable "delay" on the part of Matrix in seeking to intervene in the bankruptcy adversary proceeding. Until the Bankruptcy Court entered its decision on January 23, 2008, Matrix had no reason to intervene. Moreover, the case was in essence dormant until the Bankruptcy Court decided the defendants' motion to dismiss the complaint against them. Once their motion was denied, an answer filed, the issues were joined and discovery could commence. In other words, allowing Matrix to become a party to the action in no way slowed discovery or the ability of the parties to try the case. Thus, Matrix satisfies the timeliness requirement as to both intervention as of right as well as permissive intervention.

### C.    Once Timeliness Factor is Met, Matrix has an Unconditional Right to Intervene

The Court in *In re Caldor,* 303 F.3d 161 (2d Cir. 2002), held that "§1109(b) confers on a party in interest an unconditional right to intervene in an adversary proceeding within the meaning of FRCP 24(a)(1). Recently, the Second Circuit repeated and re-adopted that holding in *Iridium India Telecom Ltd., v. Motorola, Inc.,* 165 Fed. Appx. 878 (2d Cir 2005). The *Iridium* Court went on to hold that a party seeking intervention need not make a separate showing under 23(a)(2), but must make a timely motion to intervene. *Id.* at 879.

In this case, Matrix has an unconditional right to intervene, and the only issue that the Court needs to determine is whether or not the motion was made timely. Matrix has already addressed the timeliness issue, *inter alia,* and asserts that given the procedural posture of this case, there can be absolutely no doubt that the intervention motion was timely. Thus, this Court

7

need not look any further, and must conclude that intervention is warranted herein.

## II. THE MATRIX MOTION TO INTERVENE SATISFIED THE TRIPARTITE TEST AND THEREFORE INTERVENTION SHOULD HAVE BEEN GRANTED

In the alternative, if this Court determines that it must look past the holding in *Caldor and Iridium* to determine if intervention is warranted, the Court should consider the requirements of Rule 24(a)(2). Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, a party that seeks intervention pursuant to that rule, must (i) have a recognized interest in the subject matter of the litigation; (ii) that interest must be one that might be impaired by the disposition of the litigation; and (iii) the interest must not be adequately protected by the existing parties. *See, e.g. New York News, Inc., v. Kheel,* 927 F.2d 482 (2d Cir. 1992).

### A. Recognized Interest

In *Donaldson v. United States,* 400 U.S. 517, 534 (1971), the Supreme Court established the standard for that which constitutes a "recognized interest". The applicant for intervention must have an interest in the subject matter of the litigation (an interest that is direct) as opposed to simply tangential or collateral. That interest must be recognized as both substantial and legally protectable.

In the case at bar, Matrix asserts that as a prospective intervenor, it has both a recognized interest in the subject matter of the litigation, and that its interest was likely to be impaired in the litigation. First, the litigation commenced by the plaintiff/trustee is aimed at recovering damages for a fraud upon the Court and a breach of the attorneys' fiduciary duties to the debtors. The actions taken by the debtors' counsel in presenting a non-qualified bidder to the bankruptcy court, when the attorneys were aware of the fact that the bidder was not qualified to bid, had a

8

direct impact on Matrix and the outcome of the adversary proceeding against Matrix both as to liability and as to damages.

Moreover, the issues that the plaintiff/trustee raised in her complaint in the underlying adversary proceeding in which Matrix seeks to intervene, may have come to the attention of the trustee during the course of the proceedings against Matrix. However, she never alerted the bankruptcy court to her discoveries and only in this action has taken such positions. Matrix has been left out in the cold to bear the costs of the alleged fraud upon the Court. It has a substantial and vested interest in the current action and must be allowed to intervene to protect that sufficient interest.

Second, Matrix has no other judicial recourse in this matter. It cannot now assert new causes of action against either the trustee or the defendants in this matter. Clearly there is no privity of contract between Matrix and the debtors' counsel and thus Matrix has no available avenue to explore as to debtors' counsel. As to the trustee/plaintiff, Matrix must consider the plaintiff's desire to settle the matter for her benefit and at the expense of Matrix. If Matrix is allowed to intervene in the action, it would be able to protect its interest insofar as the substantial damages award and judgment already granted in favor of the trustee. The judgment in the amount of $9,196,114.11, provides a very substantial interest that Matrix seeks to protect. Any amounts that the trustee/plaintiff could recover in this action inure directly to the benefit of Matrix and there is absolutely no party in the current litigation protecting Matrix's position.

**B.    Impairment of the Interest**

Courts considering the question of the impairment of the prospective intervenor's interest, have taken two separate approaches. In this case, whether this Court adopts the position that the

intervenor needs to demonstrate that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect its interest or the more lenient standard that the interest may be so impaired, Matrix satisfies both.

As discussed *inter alia*, any recovery in this case should inure to the benefit of Matrix as the fraud on the bankruptcy court led directly to Matrix's increased bid for the debtors' assets. Thus, the judgment amount and the ability to reduce that amount is an interest of the prospective intervenor and may as a practical matter be impaired by the present litigation. Thus, the disposition of the present litigation could reduce the monetary value of the judgment amount of the prospective intervenor in favor of the trustee/plaintiff. Thus, Matrix as the prospective intervenor here has a sufficient stake in the litigation to be allowed to intervene. Similarly, the fairness of the judgment entered against Matrix is also a legally protectable and otherwise sufficient interest that must be protected in the current litigation.

### C.  Matrix's Rights are Not Adequately Protected by an Existing Party

The third requirement for intervention is that the interest of the proposed intervenor must not be adequately protected by the existing parties. *See, e.g. New York News, Inc., v. Kheel*, 927 F.2d 482 (2d Cir. 1992). The Supreme Court in *Trbovch v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) held that the burden on the prospective intervenor to show that its interest is not adequately represented is minimal.

In this case, no party to the litigation adequately represents the interests of Matrix at all. The trustee/plaintiff is concerned only with recovering dollars for the estate, which of course is her fiduciary obligation to all creditors. Clearly, the defendants in the action have no reason to assert or otherwise concern themselves with the rights of Matrix. In other words, Matrix is

without voice in the action. While Matrix is without voice, it is not without liability. The substantial judgment entered against Matrix gives Matrix every reason to have a party in this litigation represent its interests. Not to beat a dead horse, but, any amounts recovered by the plaintiff herein may well reduce the monetary obligation as to Matrix. Given the facts herein, Matrix believes that it has satisfied this requirement as well.

## **CONCLUSION**

In conclusion, Matrix respectfully states that the court below erred in denying Matrix's motion to intervene for the reasons stated herein. First, Matrix asserts that it has an absolute right to intervene as conferred upon in by statute and the Bankruptcy Code. Matrix's motion to intervene must be considered timely given the procedural posture of the case. Second, if this Court determines that Matrix is without the statutory authority to intervene, then intervention under Rule 24(a)(2) of the Fed. R. Civ. P. have all been satisfied, and Matrix is entitled to intervene on that basis.