UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

    FOOD MANAGEMENT GROUP, LLC,          Chapter 11
                                                                     Case No.: 04-22880

                      Debtor.
-------------------------------------------------------------X

MATRIX REALTY GROUP, INC.,

                      Appellant,

         -against-                               Civ. Case No.: 08-cv-04514-whp

JANICE B. GRUBIN, in her capacity
as Chapter 11 Trustee for Debtors
FOOD MANAGEMENT GROUP, LLC,
KMA I, Inc., KMA II, Inc., KMA III, Inc.,
and BRONX DONUT BAKERY, INC.,
ROBERT L. RATTET, JONATHAN S.
PASTERNAK; RATTET, PASTERNAK
& GORDON OLVER, LLP, et al.

                    Appellees.
-------------------------------------------------------------X

**REPLY BRIEF FOR THE APPELLANT**

                            THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
                            Attorneys for Matrix Realty Group, Inc.
                            Appellant

        BY:    S/Avrum J. Rosen
                  Avrum J. Rosen (AJR4016)
                  Fred S. Kantrow (FK3499)
                  38 New Street
                  Huntington, New York 11743
                  631 423 8527
                  ajrlaw@aol.com

**Preliminary Statement**

Webster's Dictionary defines the word "litigate" as to make the subject of a lawsuit. The prefix "re" is defined as again or anew. In the Appellees' Brief, the Trustee uses the word relitigate in the course of twenty-three pages, no less than eight times. This is nothing more than the Trustee's attempt to force this Court to wade through a smokescreen of non-issues to prevent this Court from considering the real issues at play herein. Moreover, the Trustee, in using the word "relitigate" would have this Court believe that Matrix already litigated the issues raised against the Trustee and the Rattet Defendants which have been raised for the first time in Matrix's proposed answer to the complaint in the underlying adversary proceeding.

Not only would the Trustee have this Court believe that Matrix seeks merely to relitigate issues that Judge Hardin considered in the Trustee's adversary proceeding against Matrix, she would also have this Court believe that there is nothing left for Matrix to intervene in because she has reached a settlement with the Rattet defendants and thus this case in which Matrix seeks to intervene no longer exists. Upon the filing of the Matrix motion to intervene, both the Trustee and the Rattet defendants moved with all due diligence to engage in mediation having recognized that if Matrix was in fact granted leave to intervene, the issues that Matrix raised in its proposed answer would have to be dealt with in any proposed settlement agreement.[1]

---

[1] It is noteworthy that the Trustee states in her brief that "[o]n March 21, 2008, and only after it was denied participation in the Mediation Sessions, Matrix moved to intervene . . ." That is completely untrue and nothing but revisionist history offered by the Trustee to misdirect this Court. In fact, the Matrix motion to intervene was filed on March 21, 2008, with a return date of April 28, 2008. It was not until the end of March, 2008, that Matrix was made aware of the pending mediation between the Trustee and the Rattet Defendants. On April 4, 2008, Matrix, through its counsel, sent a letter to Judge Glenn requesting a stay of all matters in the adversary proceeding until such time as the Matrix intervention motion was decided. The letter, which appears on the Bankruptcy Court's electronic docket as entry no. 89, contained a chain of email correspondence between the Trustee's counsel and counsel to Matrix. The Trustee's counsel

That the Trustee adopts the position that the matter has been resolved demonstrates her refusal to accept responsibility for the contradictory positions she maintains in one matter as opposed to another. While the Trustee and the Rattet Defendants may have reached a settlement, it is subject to the approval of the Bankruptcy Court, and is not scheduled to be heard before both Judge Glenn and Judge Hardin until July 22, 2008. For the Trustee to state that the instant appeal is moot, is simply incorrect.

**Response to the Trustee's Argument that Matrix's Brief be Stricken**

Incredibly, the Trustee asserts that "Matrix' brief is rife with wholly unsupported assertions of fact in contravention of Bankruptcy Rules 8010(a)(1)(D) and 8010(a)(1)(E)". In actuality, Matrix's brief contains a grand total of four (4) paragraphs of that which has been termed "Background Facts". Within those four paragraphs, Matrix refers this Court to Matrix's motion to intervene, which was made part of the record on appeal. The facts contained in the motion to intervene come directly from Judge Glenn's decision denying the Rattet Defendants' motion to dismiss. While Judge Glenn's decision may contradict Judge Hardin's findings made within the adversary proceeding prosecuted by the Trustee against Matrix, they are not facts conjured up or created by Matrix.

The Trustee uses her attempt to "strike" Matrix's brief as an opportunity to "spin" the history of the adversary proceedings tried by Judge Hardin, before this Court. The history of those adversary proceedings have absolutely no bearing whatsoever on the determination of

---

blatantly refused to allow Matrix to be a party to the mediation. Thus, the Matrix motion was not spurred as a result of the Trustee's denial of Matrix's request to be a party of the mediation. Rather, if anything, it was the intervention motion that spurred both the Trustee and the Rattet Defendants to move quickly to resolve their issues.

whether or not Matrix has a protectable interest in the Trustee's adversary proceeding against the Rattet Defendants. Despite this, the Trustee spends no less than four (4) pages of her Reply Brief parading before this Court the events that transpired in the Matrix and the 64 East adversary proceedings. Matrix submits this is done to support the Trustee's misguided argument that Matrix is attempting to relitigate that which has already been litigated.

### Matrix's Motion to Intervene is Not Moot

The Trustee, in the most incredible assertion yet, states to this Court that the Matrix motion to intervene is moot. She does not state that it may be rendered moot, but rather, as this Court reads her Reply Brief at this time, the matter is already moot. That is not the case. While the Trustee has reached a settlement with the Rattet Defendants, and has filed a motion to be heard by both Judge Glenn and Judge Hardin, the matter has not yet been heard.[2]

The Trustee;s reliance on, *Aref v. United States,* 452 F.3d 202 (2d Cir. 2006), a case wherein the Court considered a writ of mandamus in the context of a criminal case is misguided. There was no issue of intervention before the Court. The Court stated, [I]f NYCLU wanted to petition this Court for mandamus; (1) it might have sought intervention in the District Court . . ." *Id.* at 207. The Trustee's parenthetical wherein she stated that the *Aref* Court denied a motion for intervention as moot where the underlying litigation had ben resolved, is not an accurate statement. Rather, because there was nothing left of the writ of mandamus, the proposed intervention was moot.

In *In re Sunbeam Corp.,* 287 B.R. 861 (S.D.N.Y. 203), the proposed intervenor was

---

[2] The Court should note that Matrix has filed an objection to the proposed settlement insofar as it would be premature to determine the Rule 9019 motion before this Court has had an opportunity to determine the appeal.

seeking to insert itself in place of the Official Committee of Unsecured Creditors and prosecute the appeal.  In addition, the proposed intervenor had other remedies available to it.  Finally, it must not be overlooked that in *In re Sunbeam*, the issue was already moot. The Committee had settled with the lenders and the litigation had already been resolved making the procedural posture of the case different from the case herein.

### **Matrix's Proposed Intervention is not a "Blatant Attempt to Relitigate the Matrix Adversary Proceeding"**

Despite attempting to characterize Matrix's motion to intervene as something devious designed to give Matrix leverage, or another bite at the apple, the facts say otherwise.  While the Trustee selectively includes language from Judge Hardin's rulings such as "Matrix is not entitled to any credit for the release of the bidding deposit tendered by 64 East  in connection with 64 East's bid to purchase the Debtors' assets," she neglects to inform this Court that those comments were made <u>prior</u> to the time of Judge Glenn's decision, and prior to the time that the Trustee commenced her action against the Rattet Defendants (and the other defendants) in the pending adversary proceeding.

To consider Judge Hardin's statements without considering the Trustee's allegations in the underlying adversary proceeding, would be to ignore all of the actions of the Trustee.  She has constantly taken inconsistent positions and makes a futile attempt to shift the blame to Matrix.  In footnote no. 6, the Trustee asserts that "Matrix was aware of potential improprieties with respect to the 64 East bid since March 15, 2006".  Assuming without admitting that such is the case, that does not obviate the fact that the Trustee sat on her rights and her obligations to move forward with her causes of action against the Rattet Defendants.  Moreover, that does not support the Trustee's allegations that Matrix seeks to relitigate the decision issued by Judge

Hardin.  In fact, it supports an opposite conclusion.  Matrix never litigated the issues to be considered in the underlying adversary proceeding.  The causes of action against the Rattet Defendants did not exist prior to Judge Glenn's decision.

Moreover, the Trustee relied heavily upon the testimony of Robert Rattet, Esq., during the course of the Matrix adversary proceeding.  The trustee called Mr. Rattet as a witness for the Trustee, all the while knowing that Rattet had engaged in the unseemly acts that provided the basis for the Trustee's causes of action against the Rattet Defendants herein.  Thus, it was the Trustee's inconsistent positions that made it impossible for Matrix to seek any relief until such time as Judge Glenn made his decision denying the Rattet's motion to dismiss in the underlying adversary proceeding. Until Judge Glenn's decision, Matrix had no recourse, and the only recourse it has at this time against the Trustee and the Rattet Defendants is to be allowed to intervene in this action.

The Trustee's argument that Matrix has some "nebulous" claim against the Trustee is nonsense.  The Trustee played fast and loose with the Bankruptcy Court, both before Judge Hardin and before Judge Glenn.  She adopted inconsistent positions that promoted her self motivated and self rewarding goals, to the detriment of the estate, and to the detriment of Matrix.[3]  For the Trustee to attempt to change the characterization of the claim against the Trustee to an affirmative defense of mitigation is to engage in revisionist history and selective memory.  It cannot be overemphasized that Matrix's cause of action against the Trustee first materialized after Judge Glenn's decision.  Until that time, Matrix had absolutely nothing to

---

[3] It is noteworthy that this chapter 11 estate is administratively insolvent.  Thus, the Trustee's fees are at risk, and those fees are substantial.  Absent any other funds coming into this estate, it is the Matrix judgment that will fund distributions to the administrative creditors herein.

assert against the Trustee. It is only in the context of the underlying adversary proceeding in which Matrix sought to intervene, that Matrix could assert such a claim.

While the Trustee relies on *United States v. Yonkers Board of Educ.,* 801 F.2d 593 (2d Cir. 1986) for the proposition that a Court may deny intervention even though only three months had passed because the proposed intervenors were merely seeking to relitigate issues that had been decided against them, as the Court recognized in *Mortg. Lenders Network, Inc. v. Rosenblum,* 218 F.R.D. 381 (E.D.N.Y. 2003), "the effect that the length of time the litigation or proceeding has been pending is to be determined on a case by case basis, and the Court's determination will be based upon all of the circumstances of this case". *Id. citing, NAACP v. New York,* 413 U.S. 345 (1973). In the *Mortg. Lenders Network* case, the Court noted that the intervenor's motion was filed six months after it knew or should have known of its interest. Matrix moved immediately upon learning of its interest in the adversary proceeding.

### **Matrix's Motion to Intervene Was Timely Made**

The Trustee argues that Matrix's motion to intervene was untimely because Matrix waited "more than 13 months" to seek to intervene. While it is true that Matrix's motion to intervene was made 13 months after the Trustee commenced her complaint in the underlying adversary proceeding, the motion was made shortly after Judge Glenn issued his decision denying the Rattet Defendants' motion to dismiss.

Judge Glenn issued his decision denying the Rattet Defendants' motion to dismiss on January 23, 2008. Thereafter, on February 26, 2008, Judge Glenn issued a scheduling Order which provided that motions to amend or to join additional parties were to be filed within thirty (30) days of the date of entry of the Order. It further provided that all fact discovery was to be

completed by June 30, 2008.

Matrix's motion to intervene was made on March 21, 2008, less than one month after Judge Glenn's scheduling Order was entered and well within the thirty (30) day period the Court provided for the joinder of additional parties. Thus, when the timeliness issue is viewed in light of the Court's scheduling Order, the Trustee's argument that Matrix's motion was untimely, is without merit.

As the Trustee states, she had settled with the other defendants in the action, however, nothing was going on as to the litigation against the Rattet Defendants. But for the fact that the Trustee sued all of the defendants in one action, the action against the Rattet Defendants was nothing less than a separate proceeding that was on hold because of the motion to dismiss. The parties had not exchanged documents in discovery; they had not conducted depositions; in fact, nothing was happening. There is absolutely no prejudice to the parties that remained in the action.

The Trustee would have this Court believe that the Trustee and the Rattet Defendants were on the brink of settlement and Matrix arrived on the scene as a proposed intervenor to prejudice the parties and their proposed settlement. Actually, Matrix filed its motion to intervene and subsequent to that motion, Matrix was advised that the parties were set to engage in mediation. Matrix asked to be a part of the mediation, however, both the Trustee and the Rattet Defendants refused the request. Any alleged prejudice to the parties was self created as the parties continued to move forward with their mediation while Matrix was pursuing its rights to intervene.

The Trustee states that "Matrix does not explain why it waited 13 months and only after

13 of the 16 of the 64 East Adversary Proceeding defendants had settled to seek leave to intervene". Matrix explained quite clearly in its Brief that it waited only until Judge Glenn issued his decision and scheduling order with regard to the Rattet Defendants, as the action against the Rattet Defendants was the sole action in which Matrix had a protectable interest. To have moved to intervene prior to Judge Glenn's decision would have been premature.

      Conversely, the Trustee fails to explain why she waited until she did to commence the action against the Rattet Defendants when she knew during the course of the Matrix adversary proceeding of the potential misdeeds on the part of the Rattet Defendants. Rather than move prior to the conclusion of the Matrix litigation, in which she relied heavily on the testimony of Robert Rattet, she waited until the conclusion and a determination against Matrix to institute suit against the Rattet Defendants for taking actions that the Trustee <u>knew</u> about when she proffered his testimony to Judge Hardin. Now, faced with a timely motion to intervene, she hopes to cloud this Court's judgment with arguments of relitigation and untimeliness.

      The Trustee states that Matrix asks this Court to turn a blind eye to all the instances when it has advanced identical arguments. In reality, it is the Trustee that asks for the Court to ignore its motives and its well planned tactical maneuvers. Matrix filed a motion to intervene only <u>one</u> month after Judge Glenn issued his decision denying the Rattet Defendant's motion to dismiss the Trustee's complaint. Respectfully, one month is well within the time frame that would make the motion timely.

### **There Is Absolutely No Prejudice to the Trustee or the Rattet Defendants**

      The Trustee argues that somehow allowing Matrix to intervene, despite the one month delay, is prejudicial to both the Trustee and the Rattet Defendants. The Trustee states, without

-8-

any reference to anything in the record that supports such a statement, that she and the Rattet Defendants "have invested in substantial time and effort in extensive motions practice, mediation and settlement discussions, which have culminated in the settlement of the Trustee's claim against *all* 16 defendants". In breaking down the Trustee's position, the Trustee forgets that allowing Matrix to intervene at this time shall have absolutely no effect whatsoever on her previous settlements with the 13 other defendants. Those settlements are final and face no challenge should Matrix be entitled to intervene. Moreover, there can be no finality to this case until the appeal of the Matrix adversary proceeding and judgment is determined by this Court.[4]

### Matrix Is Prejudiced by the Denial of Intervention

The Trustee simply rehashes her argument that Matrix is only seeking to relitigate that which has already been determined against Matrix. The prejudice to Matrix is real as opposed to the alleged prejudice to the Trustee and the Rattet Defendants. Matrix has no other way to protect its interests as against the Trustee and the Rattet Defendants then to assert its claims in the context of this adversary proceeding.

The alleged relitigation of its claims that arose in the adversary proceeding against Matrix shall be determined in the appeal that is currently pending in that case. However, the causes of action that arose in the context of this underlying adversary proceeding are not available to Matrix in any other forum. The prejudice to Matrix is most severe herein. Matrix has no other recourse. It is not some amorphous prejudice that the Trustee asserts exists against her and the Rattet Defendants, but very real and tangible prejudice that cannot be addressed by

---

[4] The appeal in *Food Management Group, LLC. v. Matrix Realty Group, Inc.,* 08-cv-05956 has been referred to this Court as a potentially related appeal.

any other means.  As the Court stated in *MasterCard Int'l. Inc. v. Visa Int'l Serv. Ass'n., Inc.,* 477 F.3d 377, 390 (2d Cir. 2006), in order to intervene a party "must establish that not only does it have an interest relating to the subject of the action but also that it is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede . . . ability to protect its interest".  (Internal citations omitted).

Judge Glenn had already determined, and it is undisputed, that 64 East was never qualified as a bidder, and thus, any bid that it presented, was on its face, invalid.[5]  Absent that fraudulent bid, the initial Matrix contract in the amount of $16,000,00.00 would have qualified as the stalking horse bid.  Matrix has a real and viable protectable interest in the underlying adversary proceeding.  Should it be denied intervention, no party will assert the claims of Matrix and Matrix's ability to recover on such claims shall be barred and the disposition of the action will clearly impair or impede Matrix's ability to protect its interest.

## **Conclusion**

Based upon the entire record before this Honorable Court, and the Brief of the Appellant as well as the Reply Brief, this Court must find that the Bankruptcy Court abused its discretion in failing to allow Matrix to intervene in the underlying adversary proceeding.  In addition, because this Court may review the Bankruptcy Court's denial of the intervention motion as a *de novo* review, the Court is free to examine the denial by considering all of the facts and circumstances herein. Accordingly, the Order of the Bankruptcy Court should be overruled in its entirety, and this matter should be remanded to the Bankruptcy Court.

---

[5] *See, Grubin v. Rattet, et al.,* 380 B.R. at 699.

Dated: Huntington, New York
      July 15, 2008

                                  Respectfully submitted,

                                  The Law Offices of Avrum J. Rosen, PLLC
                                  Attorneys for Matrix Realty Group, Inc.

BY:    <u>S/Avrum J. Rosen</u>
          Avrum J. Rosen (AJR4016)
          Fred S. Kantrow (FK3499)
          38 New Street
          Huntington, New York 11743
          631 423 8527